# CIRCUIT COURT OF ROANOKE COUNTY

PNG Investments, L.L.C.

v.

Karen Gravely-Robinson

June 14, 2006

Case No. CL05-130

BY JUDGE ROBERT P. DOHERTY, JR.

After foreclosure by the deed of trust noteholder, the Plaintiff had to evict the Defendant who was the holdover occupant of the purchased premises. This suit was filed to collect damages for that alleged unlawful trespass. The warrant in debt had the "contract" box selected, but no other explanation was given for the lawsuit. The parties had a full and complete hearing in the General District Court on the issue of trespass and damages concerning the holdover occupant. Upon appeal *de novo*, Defendant objects to evidence being presented as to damages that do not arise from the contract because the "contract" box was selected with no other explanation of damages. The Plaintiff asks to amend the pleadings to include those damages not arising from the contract, and the Defendant objects.

The purpose of all pleading is to inform the other party of the precise nature of the charge in order that they may prepare and present their defense. *Ashby v. Red Jacket Coal Corp.*, 185 Va. 202, 207 (1946). That actually occurred in this case when the matter was fully tried in General District Court. The Defendant cannot now claim that she was not properly informed or notified as to the true nature of the claims against her. She is not taken by surprise.

Plaintiff cites § 16.1-114.1, Code of Virginia (1950), as amended, for the proposition that mere defects, irregularities, or omissions in the form of pleadings may be corrected by a proper order of a court of record. Furthermore, a court of record has the necessary authority to allow amendments to bring about a trial on the merits. Additionally, Rule 1:8 of the

Rules of the Supreme Court of Virginia encourage the Court to allow amendments which the Court deems to be reasonable and proper and which advance the ends of justice.

This Court, therefore, grants the request of Plaintiff to amend its pleadings.